IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| THOMAS MICHAEL SMITH and MONALETO SNEED, | ) ) ) | |
| Plaintiffs, | ) ) | No. _____ |
| v. | ) ) | JURY DEMAND |
| P.A.M. TRANSPORT, INC. | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

For their Complaint against defendant P.A.M. Transport, Inc. ("PAM"), plaintiffs Thomas Michael Smith and Monaleto Sneed ("plaintiffs") state:

### PARTIES

1. Plaintiffs are former employees of defendant.

2. Defendant PAM is an Arkansas corporation with its principal place of business at 297 W. Henri De Tonti Boulevard, Tontitown, Arkansas 72770.

3. Defendant PAM can be served with process through its registered agent, Turney Thompson, 2001 Riverside Drive, Chattanooga, Tennessee 37406-4303.

4. Defendant owns and operates or, at all times relevant hereto and during plaintiffs' employment with defendant, owned and operated one or more for-profit, trucking/freight delivery businesses within the Middle District of Tennessee.

### JURISDICTION AND VENUE

5. This is an action for damages and equitable relief for unlawful employment practices. Plaintiff Monaleto Sneed brings his claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., ("Title VII"); 42 U.S.C. § 1981 ("Section 1981");

and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq*. ("THRA"). Plaintiff Thomas Michael Smith brings his claim under Section 1981. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1332, 1343(a)(4) and 1367(a). Venue is proper under 28 U.S.C. § 1391.

6. Plaintiff Sneed a timely filed Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). He has received a Notice of Suit Rights.

## FACTS

7. Plaintiffs are African-American individuals.

8. Plaintiffs Smith and Sneed were employed by defendant until early 2019 and 2020, respectively.

9. During plaintiffs' employment, defendant discriminated against them because of race with respect to the terms, conditions and privileges of employment.

10. The discriminatory conduct included defendant PAM subjecting plaintiffs to disparate treatment and harassment because of race, and criticizing and belittling plaintiffs because of race, thereby interfering with plaintiff's job performance.

11. Defendant did not provide plaintiffs training on the same basis as it did non-African-American employees.

12. Defendant assigned plaintiffs older, less-desirable tools and equipment than it did non-African-American employees.

13. Defendant did not grant plaintiffs paid time off as it did non-African-American employees.

14. Defendant assigned plaintiffs to less desirable routes and required plaintiffs to work more hours (which reduced their hourly rate of pay) than non-African-American employees.

2

15. Defendants did not subject non-African-American employees to such disparate treatment and harassment.

16. During plaintiffs' employment, defendant created, allowed, maintained and failed to remedy a racially hostile work environment that altered the conditions of plaintiffs' employment.

17. Defendant failed and refused to take any prompt and effective corrective or remedial action following plaintiffs' opposition to and complaints of racial discrimination and harassment. Defendant's response to plaintiffs' complaints or lack thereof manifested indifference or unreasonableness in light of what it knew and/or reasonably should have known regarding the discriminatory conduct described above. Indeed, the discriminatory harassment and treatment continued unabated.

18. Defendant further retaliated against plaintiffs because of their opposition to and refusal to participate in defendant's racially offensive and unlawful conduct.

19. Throughout their employment, plaintiffs opposed, reported, and/or complained to defendant about the racial discrimination and harassment to which they were continuously subjected.

20. Following plaintiffs' protected opposition activity, defendant subjected plaintiffs to additional severe or pervasive retaliatory harassment of the type described above, including continued and increased acts of disparate treatment, harassment, threats of being discharged, and retaliation.

21. Following plaintiffs' protected activity described above, defendant actually and/or constructively discharged plaintiffs. The totality of defendant's discriminatory conduct as described in this complaint altered the conditions of plaintiffs' employment and made it more

difficult for each to perform his job. In engaging in the retaliatory conduct described herein, defendant violated Title VII, the THRA and Section 1981.

22. As described above, defendant discriminated against plaintiffs in the terms, conditions, and privileges of their employment and subjected them to disparate treatment because of race, in violation of Title VII, the THRA and Section 1981.

23. As described above, defendant subjected plaintiffs to a racially hostile work environment that altered the conditions of their employment and made it more difficult for them to perform their jobs, in violation of Title VII, the THRA and Section 1981.

24. As described above, defendant retaliated against plaintiffs because of their opposition to and refusal to participate in defendant's offensive and illegal discriminatory conduct, in violation of Title VII, the THRA and Section 1981.

25. Defendant's conduct as described in this complaint was malicious and/or recklessly indifferent to plaintiffs' federally protected rights, entitling plaintiffs to punitive damages.

26. As a direct result of defendant's discriminatory and retaliatory conduct, plaintiffs have lost income and other privileges and benefits of employment; suffered embarrassment, humiliation, emotional distress and anxiety, inconvenience, and loss of enjoyment of life; and incurred attorneys' fees, costs and litigation expenses.

27. Plaintiffs' entitlement to and the amounts of equitable relief, damages, and attorneys' fees and costs requested in the prayer for relief below will be determined by the jury and/or the Court as appropriate under the applicable law.

## Claims for Race Discrimination, Racially Hostile Work Environment, and Retaliation in Violation of Title VII, the THRA and Section 1981

28. Plaintiffs hereby incorporate and reallege the factual averments as set forth in paragraphs 1 through 27 herein.

29. As stated above plaintiffs bring their claims and seek relief under Title VII, the THRA and Section 1981.

30. Defendant discriminated against plaintiffs in the terms, conditions, and privileges of employment because of race, including disparate treatment, repeated racially derogatory slurs and comments, threats and other mistreatment, in violation of Title VII, the THRA and Section 1981.

31. Defendant created, allowed, maintained, subjected plaintiffs to, and failed to remedy a racially hostile work environment that altered the conditions of plaintiffs' employment, in violation of Section 1981.

32. Defendant retaliated against plaintiffs for opposing defendant's racially offensive and illegal discriminatory conduct, in violation of Title VII, the THRA and Section 1981.

33. As a result of its conduct, defendant is obligated to make plaintiffs whole for all lost earnings and benefits.

34. As a result of its conduct, defendant is liable to plaintiffs for compensatory and punitive damages in amounts to be determined by the jury.

35. As a result of its conduct, defendant is liable for plaintiffs' attorneys' fees and costs.

**WHEREFORE,** premises considered, plaintiffs demand the following relief:

1. A jury trial and entry of judgment in their favor;

2. Back pay and damages for lost benefits;

3. Compensatory damages for embarrassment, humiliation, emotional pain and suffering, mental anguish, stress and anxiety, inconvenience, and loss of enjoyment of life;

4. Front pay and damages for lost benefits;

5. Punitive damages;

6. Attorneys' fees and expenses;

7. Prejudgment interest and, if applicable, post judgment interest; and

8. Such other and further legal or equitable relief to which they may be entitled.

Respectfully submitted,

s/Stephen W. Grace
Stephen W. Grace, (TN BPR No. 14867)
1019 16th Avenue, South
Nashville, Tennessee 37212
(615) 255-5225

s/Douglas B. Janney III
Douglas B. Janney III (TN BPR No. 19112)
2021 Richard Jones Road, Suite 310A
Nashville, Tennessee 37215
(615) 742-5900

Attorneys for Plaintiffs