**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| THOMAS MICHAEL SMITH and<br>MONALETO SNEED, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:21-cv-00262 |
| | ) | |
| v. | ) | |
| | ) | Judge Eli Richardson |
| P.A.M. TRANSPORT, INC. | ) | Magistrate Judge Barbara Holmes |
| | ) | |
| Defendant. | ) | JURY DEMAND |

_____

**ANSWER**
_____

Defendant P.A.M. Transport, Inc. ("P.A.M.") hereby files its Answer to Plaintiffs'
Complaint as follows. P.A.M. uses the same headings as in Plaintiffs' Complaint for ease of
reference only and not as an admission of the truth or accuracy of such headings.

**PARTIES**

1.     P.A.M. admits that Plaintiffs are former employees of P.A.M.

2.     P.A.M. admits it is an Arkansas corporation with its principal place of business at
297 W. Henri De Tonti Boulevard, Tontitown, Arkansas 72770.

3.     P.A.M. admits that its registered agent is Turney Thompson, 2001 Riverside Drive,
Chattanooga, Tennessee 37406-4303.

4.     P.A.M. admits the allegations in paragraph 4 of the Complaint.

**JURISDICTION AND VENUE**

5.     Paragraph 5 of the Complaint constitutes a legal conclusion, rather than factual
averments, to which no response is required.

6.     P.A.M. admits that Plaintiff Monaleto Sneed filed a Charge of Discrimination with the EEOC and received a Dismissal and Notice of Suit Rights.   The remaining allegations of Paragraph 6 of the Complaint constitute a legal conclusion, rather than factual averments, to which no response is required.

**FACTS**

7.     P.A.M. admits the allegations in paragraph 7 of the Complaint.

8.     P.A.M. admits the allegations in paragraph 8 of the Complaint.

9.     P.A.M. denies the allegations in paragraph 9 of the Complaint.

10.     P.A.M. denies the allegations in paragraph 10 of the Complaint.

11.     P.A.M. denies the allegations in paragraph 11 of the Complaint.

12.     P.A.M. denies the allegations in paragraph 12 of the Complaint.

13.     P.A.M. denies the allegations in paragraph 13 of the Complaint.

14.     P.A.M. denies the allegations in paragraph 14 of the Complaint.

15.     P.A.M. denies that it has discriminated against any of its current or former employees, and denies that it treated non-African American employees more favorably than African American employees.

16.     P.A.M. denies the allegations in paragraph 16 of the Complaint.

17.     P.A.M. denies the allegations in paragraph 17 of the Complaint.

18.     P.A.M. denies the allegations in paragraph 18 of the Complaint.

19.     P.A.M. denies the allegations in paragraph 19 of the Complaint.

20.     P.A.M. denies the allegations in paragraph 20 of the Complaint.

21.     P.A.M. denies the allegations in paragraph 21 of the Complaint.

22.     P.A.M. denies the allegations in paragraph 22 of the Complaint.

23.     P.A.M. denies the allegations in paragraph 23 of the Complaint.

24.     P.A.M. denies the allegations in paragraph 24 of the Complaint.

25.     P.A.M. denies the allegations in paragraph 25 of the Complaint.

26.     P.A.M. denies the allegations in paragraph 26 of the Complaint.

27.     Paragraph 27 of the Complaint constitutes a legal conclusion, rather than factual averments, to which no response is required.

**Claims for Race Discrimination, Racially Hostile Work Environment, and Retaliation in Violation of Title VII, the THRA and Section 1981**

28.     P.A.M. hereby incorporates paragraphs 1 through 27 above as if fully set forth and repeated herein.

29.     P.A.M. admits that Plaintiff Monaleto Sneed brings his claims and seeks relief under Title VII, the THRA, and Section 1981; and that Plaintiff Thomas Michael Smith brings his claim and seeks relief under Section 1981.

30.     P.A.M. denies the allegations in paragraph 30 of the Complaint.

31.     P.A.M. denies the allegations in paragraph 31 of the Complaint.

32.     P.A.M. denies the allegations in paragraph 32 of the Complaint.

33.     P.A.M. denies the allegations in paragraph 33 of the Complaint.

34.     P.A.M. denies the allegations in paragraph 34 of the Complaint.

35.     P.A.M. denies the allegations in paragraph 35 of the Complaint.

36.     P.A.M. denies that Plaintiffs are entitled to any of the relief and/or damages sought in the Complaint.

37.     Any allegations or prayers for relief set forth in Plaintiffs' Complaint that are not expressly admitted, denied, or otherwise responded to, are hereby denied, and P.A.M. demands strict proof thereof.

3

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiffs' Complaint fails to state a claim for race discrimination.

3.      Plaintiffs' Complaint fails to state a claim for hostile work environment.

4.      Plaintiffs' Complaint fails to state a claim for disparate treatment.

5.      Plaintiffs' Complaint fails to state a claim for retaliation.

6.      Plaintiffs' Complaint fails to state a claim for constructive discharge.

7.      Plaintiffs' Complaint fails to state a claim for lack of proper remedial action.

8.      Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to mitigate their damages.

9.      P.A.M. denies that it committed any racially motivated, unlawful conduct toward Plaintiffs.

10.     P.A.M., at all times relevant to this action, has acted reasonably and in good faith toward Plaintiffs, and in full compliance will all applicable laws.

11.     P.A.M. reserves the right to amend its Answer after discovery is conducted in this matter.

Now having answered, P.A.M. Transport, Inc. generally denies all allegations of the Plaintiffs' Complaint not specifically admitted or denied, moves for a dismissal of the Plaintiffs' Complaint, and demands a jury to try this case.

4

Respectfully submitted,

**DICKINSON WRIGHT PLLC**

By:   /s/ *Autumn L. Gentry*

     M. Reid Estes, Jr. #004390
     Autumn L. Gentry, #20766
     424 Church Street, Suite 800
     Nashville, TN 37219
     Telephone: (615) 244-6538
     Facsimile: (844) 670-6009
     mestes@dickinsonwright.com
     agentry@dickinsonwright.com

     *Attorneys for Defendant,*
     *P.A.M. Transport, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by operation of the Court's electronic case filing system:

Stephen W. Grace
1019 16th Avenue, South
Nashville, Tennessee 37212
sgrace@sgracelaw.com

Douglas B. Janney III
2021 Richard Jones Road
Suite 310A
Nashville, Tennessee 37215
doug@janneylaw.com

Dated: May 19, 2021.

/s/ *Autumn L. Gentry*
Autumn L. Gentry

4847-7211-5434 v2 [27403-23]